## COOTS v. STATE BOARD OF REGISTRATION & PURGATION et al.

Court of Appeals of Kentucky.

June 15, 1951.

Thos. S. Dawson, Richard P. Watts, Louisville, for appellant.

A. E. Funk, Atty. Gen., for appellee.

CULLEN, Commissioner.

In a declaratory judgment action brought by an individual in the capacity of a citizen, taxpayer and registered voter, suing on behalf of all citizens, taxpayers and registered voters, against the State Board of Registration and Purgation and the individual members of that board, the Franklin Circuit Court made an adjudication concerning the appointment, duties and functions of county boards of registration and purgation, and concerning the powers of the State Board of Registration and Purgation over the county boards. Among other things, the judgment contained the following provisions:

"(2) It is further adjudged by the Court and declared to be the duty and rights of the parties that the State Board of Registration and Purgation cannot appoint members of county boards of registration and purgation in any other manner except, as required by statute, on the 1st day of January of the year of said appointments, and that no appointments of members to said county boards of registration and purgation can be made at any other time during said year except where there is a vacancy in said Board by reason of death, sickness, resignation, or unless such officers or members of said Board are removed for cause

by the State Board of Registration and Purgation.

\* \* \* \* \* \*

"(4) It is further adjudged by the Court and declared as to the rights of the parties herein that the boards now attempting to act as county boards of registration and purgation are not legally appointed unless such county boards of registration and purgation were appointed on January 1, 1950 and qualified within a reasonable time thereafter by taking the oath of office and giving bond as required by Chapter 117 of the Kentucky Revised Statutes."

The plaintiff has appealed from the judgment, complaining only of the two provisions above quoted. Both parties agree that the balance of the judgment is moot.

We are of the opinion that the lower court was in error in adjudging that appointment of members of county boards of registration and purgation can not be made at any other time than on January 1, and that there can be no legally constituted county board of registration and purgation unless its members were appointed on January 1.

KRS 117.390 provides, in part, as follows: "The State Board of Registration and Purgation shall, on January 1 of each year, appoint a county board of registration and purgation for each county, to serve for the ensuing year." KRS 117.390 further provides for qualification and removal of members of county boards; and KRS 117.400 provides for a certificate of appointment, oath and bond.

As we construe this statute, the legislature has created a county board of registration and purgation for each county. The state board does not create the officers of county board members, but only appoints the persons who are to fill the offices.

Although the statute says the state board shall make appointments on January 1 of each year, this is no more than a declaration of legislative policy that the appointments should be made at the beginning of the terms which commence on January 1. The statute is no different than the many other statutes that provide for an appointive office with a designated term, and vest the power of appointment in an appointing authority.

The statute imposes upon the state board the duty to make appointments and designates January 1 as the time for performance of the duty. If the board does not perform the duty at the designated time, certainly the duty still remains upon the board, and the board can later exercise the duty voluntarily or may be compelled by appropriate proceedings to exercise it.

The construction placed upon this statute by the lower court has the effect of saying that the state board may abolish the county boards by failing to make appointments on January 1. This construction is not reasonable.

It is our opinion that the State Board of Registration and Purgation does not surrender its power and duty to make appointments of members of the county boards by failing to act on January 1.

The judgment is reversed in the respect indicated, with directions to enter a judgment in conformity with this opinion.